**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| DENA SCHOTT, | § | |
| | § | |
| Plaintiff, | § | Case No.: 0:08-cv-01322-JRT-FLN |
| | § | |
| v. | § | |
| | § | |
| DAVOL INC. and C.R. BARD, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR STAY OF PROCEEDINGS PENDING TRANSFER TO FEDERAL MDL**

Plaintiff alleges that the Composix® Kugel® Patch, a medical device manufactured and sold by Defendant Davol Inc. and used by Plaintiff's surgeon in conjunction with Plaintiff's hernia repair, was defective and unreasonably dangerous when put to its intended use.

This product liability action is but one of a number of related actions filed in federal courts across the country. In 2006, two plaintiffs who also allege that they sustained injuries resulting from their receipt and use of the Composix® Kugel® Patch filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") seeking transfer and centralization of all cases involving this medical device pursuant to 28 U.S.C. § 1407. On May 31, 2007, the JPML heard that motion, and on June 22, 2007, the JPML granted the motion for transfer and consolidation. As a result, all federal court cases concerning the Composix® Kugel® Patch have been or imminently will be transferred to the District of Rhode Island for consolidated pretrial proceedings. *See In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371 (J.P.M.L. 2007).

Based on the JPML's June 22, 2007, Transfer Order, and pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 435-36 (2001), a conditional transfer order regarding this action will be issued shortly.[1] Given that the parties will not oppose MDL transfer in this case, and given further that the transfer of this action in due course will moot any pretrial requirements and schedules imposed by this Court, Defendants request that all requirements, deadlines (including responsive pleading deadlines), and any other proceedings in this case be stayed pending transfer to the United States District Court for the District of Rhode Island. Upon transfer, the parties agree and acknowledge that they will comply with any requirements and deadlines imposed by the District of Rhode Island with respect to this action. The parties have conferred, and Plaintiff does not oppose this motion.

## CONCLUSION

WHEREFORE, Defendants request that the Court grant this Unopposed Motion for Stay of Proceedings Pending Transfer to Federal MDL and enter an order staying and/or extending all requirements, deadlines (including responsive pleading deadlines), and any other proceedings in this case pending its transfer to the United States District Court for the District of Rhode Island.

Dated: July 11, 2008

Respectfully submitted,

s/Timothy M. Connelly

TIMOTHY M. CONNELLY
Minnesota Attorney Number: 0179814

*COUNSEL FOR DEFENDANT DAVOL, INC. AND DEFENDANT C.R. BARD, INC.*

[1] Although this case was not the subject of the JPML's original Transfer Order, it was previously noticed as a potential "tag-along action" on May 21, 2008. (*See* Defendants' Seventy-Third Rule 7.5(e) Notice of Potential Tag-Along, *IN RE: KUGEL MESH HERNIA PATCH PRODUCT LIABILITY LITIGATION*, MDL Docket No. 1842 (Ex. 1).)

Eckland & Blando LLP
Suite 500
10 South Fifth Street
Minneapolis, Minnesota 55402
Tel: 612.236.0165
Email: tim@ecklandblando.com